John T. Manning, Esq. Assistant County Attorney, Essex
You have asked whether a person may hold simultaneously the positions of part-time town police officer and coroner for the county in which the town is located. You have explained that this individual is one of four coroners serving the county. Further, the individual would not perform any of the duties of coroner within the town where he serves as a police officer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
When a coroner is informed of the occurrence of a death within his jurisdiction, he is required to "go at once to the place where the body is and take charge of it" (County Law, § 674[1]). Thus, if while on duty as a police officer such a death occurred within the jurisdiction of this individual as coroner, he would be required to immediately travel to the place where the body lies and take charge of it. This potential conflict is compounded by the fact that police officers have law enforcement authority at all times, whether on or off duty (Criminal Procedure Law, § 140.10). Thus, this individual, holding these two positions, may be confronted with the situation where he could not fulfill the duties of one position without neglecting the duties of the other position (see, 1976 Op Atty Gen [Inf] 257).
A coroner has jurisdiction and authority to investigate the death of every person dying within his territorial jurisdiction which is or appears to be:
 "(a) A violent death whether by criminal violence, suicide or casualty;
 (b) A death caused by unlawful act or criminal neglect;
 (c) A death occurring in a suspicious, unusual or unexplained manner;
(d) A death caused by suspected criminal abortion;
 (e) A death while unattended by a physician . . . or where no physician [is] able to certify the cause of death . . .;
 (f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home" (County Law, § 673[1]).
Town police officers have responsibility for law enforcement within the town and to some extent outside the boundaries of the town (Criminal Procedure Law, § 140.10).
It is not unlikely that the coroner's office may be required to investigate a death caused by an apparent unlawful act, which is also being investigated by the town police department for which the subject individual works. While you have indicated that this individual as coroner would not perform any duties within the town where he serves as a police officer, in our view, a person should not serve in these two positions. The coroner's office must perform its duties independently and must avoid any appearance of impropriety. This goal is best obtained through separation of law enforcement from the duties of coroner. In our view, this also helps to preserve the integrity of the law enforcement process.
We conclude that the positions of coroner and town police officer are incompatible.